IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **JOHN VANDEGRIFT,** individually and on behalf of similarly situated persons,<br><br>     Plaintiff,<br>**v.**<br><br>**BIG AL'S PIZZA, INC., HAPPY PEOPLE PIZZA, LLC, and ALLAN ERWIN,**<br><br>     Defendants. | Case No. _____<br><br>**Class/Collective Action**<br><br>**Demand for Jury Trial** |

## CLASS/COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, John Vandegrift ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, brings this Complaint against Defendants, Big Al's Pizza, Inc., Happy People Pizza, LLC, and Allan Erwin, and alleges as follows:

1. Defendants operate numerous Domino's Pizza franchise stores. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants used a flawed method to determine reimbursement rates that neither reimburses the drivers for their actual expenses, nor at the IRS business mileage rate which is legally required and a reasonable approximation of those expenses. This under-reimbursement causes their wages to fall below the federal minimum wage during some or all workweeks.

2. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and as a class action under South Dakota's Minimum Wage Law, South Dakota Codified Law (SDCL) 60-11, *et seq.*, to recover unpaid minimum wages owed

to Plaintiff and similarly situated delivery drivers employed by Defendants at their Domino's Pizza stores.

## Jurisdiction and Venue

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's South Dakota Minimum Wage Law claim as the claim is so related to Plaintiff's FLSA claim that they form part of the same case or controversy.

4. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants, Big Al's Pizza, Inc. and Happy People Pizza, LLC, reside in the District.

## Parties

5. Defendant, Big Al's Pizza, Inc. d/b/a Domino's Pizza is a Wyoming corporation maintaining its principal place of business at 1542 N Main Street, Sheridan, WY 82801. Defendant may be served via its registered agent, Allan Francis Erwin, 2002 29th Street, Cody, WY 82414, or wherever he may be found.

6. Defendant, Happy People Pizza d/b/a Domino's Pizza is a Wyoming corporation maintaining its principal place of business at 1542 N Main Street, Sheridan, WY 82801. Defendant may be served via its registered agent, Allan Francis Erwin, 2002 29th Street, Cody, WY 82414, or wherever he may be found.

7. Defendant, Allan Erwin is individually liable because, during the relevant times, he was an owner of substantial interests in Big Al's Pizza, Inc. and Happy People Pizza, LLC, served as officer of the entity, and held managerial responsibilities and substantial control over terms and conditions of drivers' work as he held the power to hire and fire, supervised and controlled work

schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held control over employment records. Defendant may be served at 9019 Mountain Road, Gasport, New York 14067 or wherever he may be found.

8. Plaintiff was employed by Defendants from approximately June 2012 to June 2024 as a delivery driver at Defendants' Domino's Pizza store located in Box Elder, South Dakota. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "Exhibit 1."

## General Allegations

### *Defendants' Business*

9. Defendants operate numerous Domino's Pizza franchise stores including in South Dakota where Plaintiff worked for Defendants.

10. During the statutory period, the Domino's Pizza store where Plaintiff worked was owned and/or operated by Big Al's Pizza, Inc. and then was subsequently owned and/or operated by Happy People Pizza, LLC.

11. Defendants' Domino's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

### *Defendants' Flawed Automobile Reimbursement Policy*

12. Defendants require its delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

13. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

14.     Pursuant to the Department of Labor Field Operations Handbook, employers are required to either: (1) track and reimburse delivery drivers for their actual expenses, or (2) reimburse delivery drivers at the IRS business mileage reimbursement rate. Moreover, the IRS business mileage reimbursement rate represents the reasonable approximation of delivery drivers' actual expenses.

15.     Defendants' delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the reimbursement is not based on their actual expenses. Moreover, the reimbursement amount is below the IRS business mileage reimbursement rate or a reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

16.     During the applicable FLSA limitations period (2022 – 2025), the IRS business mileage reimbursement rate ranged between $.585 and $.70 per mile.

17.     Similarly, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.72 and $.82 per mile during the same period for drivers who drive 15,000 miles per year. *See* https://newsroom.aaa.com/wp-content/uploads/2021/08/2021-YDC-Brochure-Live.pdf (2022 driving cost analysis) and https://newsroom.aaa.com/wp-content/uploads/2024/09/YDC_Fact-Sheet-FINAL-9.2024.pdf (2024 driving cost analysis).[1] These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

18.     However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and

---

[1] AAA's 2025 Driving Cost Analysis has not yet been released.

more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

19. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly failed to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

20. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages it pays to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

21. Defendants failed to reasonably approximate the amount of their drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal and state minimum wage requirements.

22. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

***Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

23. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation

5

of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and state minimum wage.

24. During the time Plaintiff worked for Defendants as a delivery driver he made at or slightly above South Dakota's minimum wage. His last rate of pay while working for Defendants was $12.20 per hour—$1.00 above South Dakota's minimum wage.

25. During the time Plaintiff worked for Defendants as a delivery driver, he was reimbursed on a per-mile basis. The amount of the reimbursement varied. During the end of his employment, he estimates the reimbursement rate was around $.40 per mile.

26. During the relevant time period, the IRS business mileage reimbursement rate ranged between $.585 and $.70 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate and the approximate rate per mile Plaintiff was making at the conclusion of his employment ($.40 per mile), every mile driven on the job decreased his net wages by *at least* $.185 ($.585 - $.40) per mile.

27. During his employment by Defendants, Plaintiff estimates, on average, he drove approximately 10 miles each hour worked. Thus, using even a conservative estimate of Plaintiff's actual expenses and damages, every hour on the job decreased Plaintiff's net wages by at least $1.85 ($.185 x 10 miles).

28. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the minimum wage before deducting unreimbursed business expenses.

29. Because Defendants paid its drivers a gross hourly wage at or near the mandatory minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

30. While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of its other Domino's Pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

31. The net effect of Defendants' flawed reimbursement policy is that Defendants have willfully failed to pay the mandatory minimum wage to its delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of its employees.

**Class and Collective Action Allegations**

32. Plaintiff brings Count I as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

33. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

34. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

35. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of Defendants;

g. They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. They were reimbursed similar set amounts of automobile expenses per mile; and

i. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

36. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23, individually and as the Class Representative of the following persons (the "Class"):

> All current and former delivery drivers employed by Defendants in South Dakota since the date two years preceding the filing of this Complaint.

37.     The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who worked for Defendants in South Dakota who do not opt-out of the Class.

38.     The Class satisfies the numerosity standard as it consists of hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

39.     Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

    a.     Whether Defendants failed to pay Class members the minimum wage required by South Dakota law;

    b.     Whether Defendants failed to reasonably reimburse Class members for using their own vehicles to deliver Defendants' pizzas and other food items; and

    c.     Whether Defendants' formula and / or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the Class members.

40.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

41.     Plaintiff's claims are typical of those of the Class in that:

a. Plaintiff and the Class have worked as delivery drivers for Defendants delivering pizzas and other food items to Defendants' customers;

b. Plaintiff and the Class delivered pizzas and other food items using automobiles not owned or maintained by Defendants;

c. Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

d. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendants;

e. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

g. Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived them of reasonably approximate reimbursements, resulting in wages below the South Dakota minimum wage in some or all workweeks;

h. Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per delivery; and

i. Plaintiff and the Class were paid at or near South Dakota minimum wage before deducting unreimbursed business expenses.

42. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class.

43. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

44. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

45. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I:  Violation of the Fair Labor Standards Act of 1938
### (Collective Action Claim)

46. Plaintiff reasserts and re-alleges paragraphs one (1) through forty-five (45) set forth above.

47. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

48. Defendants are subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

49. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

50. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

51. Pursuant to 29 C.F.R. § 778.5, where a higher minimum wage than that set by the FLSA is applicable to an employee by virtue of such other legislation, the employee's regular rate of pay cannot be lower than such minimum wage.

52. As alleged herein, Defendants have reimbursed delivery drivers less than either (1) their actual expenses, or (2) the IRS business mileage rate, which is a reasonably approximate amount of their automobile expenses. This under-reimbursement diminishes these employees' wages beneath the applicable minimum wage.

53. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the applicable minimum wage.

54. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay the applicable minimum wage to Plaintiff and other similarly situated employees.

55. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

56. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

57. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

58. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Count II: Violation of South Dakota's Minimum Wage Law, South Dakota Codified Law (SDCL) 60-11, *et seq.* (Class Action Claim)**

59. Plaintiffs reassert and re-allege paragraphs one (1) through forty-five (45) set forth above.

60. Defendants are "employers" subject to South Dakota's minimum wage requirements.

*61.* At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under South Dakota's Minimum Wage Law, SDCL § 60-11, *et seq.*

62. SCDL § 60-11-3 provides that every employer shall pay to each employee certain minimum wages. Since January 1, 2016, the amount of the applicable minimum wage has been adjusted annually commensurate with the cost of living.

63. Pursuant to SCDL § 60-11-4, employees denied "minimum wage" may recover "said minimum wage and costs." If an employer is "oppressive, fraudulent, or malicious" in their failure to pay all minimum wages due, the employer is liable for double damages. SCDL § 60-11-7.

64. At all relevant times, Defendants failed to pay the required minimum wages to Plaintiff and all similarly situated delivery drivers in South Dakota as a result of their policy and practice of reimbursing delivery drivers less than either (1) their actual expenses, or (2) the IRS business mileage rate, which is a reasonably approximate amount of their automobile expenses.

65. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of South Dakota's minimum wage requirement, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores in South Dakota.

66. Defendants were "oppressive, fraudulent, or malicious" in their failure to pay all minimum wages due.

67. Plaintiff and all similarly situated delivery drivers are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses plus double damages because Defendants' conduct was "oppressive, fraudulent, or malicious."

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages, (3) pre-judgment and post-judgment interest as provided by law; and (4) such other relief as the Court deems fair and equitable.

**Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated this 4th day of March, 2025.

Respectfully submitted,

/s/ STACEY KIRVEN
Stacey Kirven, Esq.
WSB# 7-5456
Morgan & Morgan, P.A.
121 Washington Ave N, 4th Floor- Office 352
Minneapolis, MN 55401
Telephone:    (689) 219-2212
Facsimile:    (689) 219-2242
Email: skirven@forthepeople.com

*LOCAL COUNSEL FOR PLAINTIFF AND THE COLLECTIVE*

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq.
FBN 0015527
*(application for admission forthcoming)*
Jolie N. Pavlos, Esq.
*(application for admission forthcoming)*
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 245-3401
Email:  RMorgan@forthepeople.com
            JPavlos@forthepeople.com

*ATTORNEYS FOR PLAINTIFF AND THE COLLECTIVE*

16